Matthew Miller, Esq. (SBN 185741)
matt@millermlaw.com
LAW OFICES OF MATTHEW MILLER
755 Fresca Court
Solana Beach, California 92075
Telephone: (858) 755-6688
Facsimile: (425) 962-7935

Attorney for Plaintiff Zachary Miller

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ZACHARY MILLER, an individual,

Plaintiff,

vs.

EASY DAY STUDIOS PTY LTD, an Australian proprietary limited company; REVERB COMMUNICATIONS, INC., a California corporation; and DOES 1-25 INCLUSIVE,

Defendants.

Case No.: '20CV2187 LAB DEB

**COMPLAINT FOR DAMAGES**

1. FALSE ENDORSEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1125(A));
2. FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. § 1125(A));
3. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344;
4. VIOLATION OF COMMON LAW RIGHT OF PUBLICITY;

**DEMAND FOR JURY TRIAL**

Plaintiff Zachary Miller, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts and alleges upon information and belief as to all other matters, brings this Complaint.

## INTRODUCTION

1. This is an action for violations of publicity rights under laws of the state of California, specifically Civil Code § 3344, common law, unfair competition, false endorsement and false advertising arising under the laws of the United States, specifically 15 U.S.C. § 1125(a), arising out of Defendant's unauthorized use and commercial exploitation of the likeness and other identifying attributes of Plaintiff in a video game, and all of which Defendants' use thereof is deceiving the public into believing Plaintiff is connected to and/or affiliated with Defendants and/or the video game is endorsed by Plaintiff, which it is not.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1331. This Court also has diversity jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332. The Court has pendant jurisdiction over the corresponding state and common law claims.

3. This Court has personal jurisdiction over the parties to this action because (i) Plaintiff's claims arise, in part, in this judicial district, and (ii) each party does business in this judicial district.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this district. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise, in part, in this judicial district, and each party does business in this judicial district.

**PARTIES**

5. Plaintiff Zachary Miller is an individual and resident of San Diego County, California.

6. Defendant Easy Day Studios Pty. Ltd. is an Australian proprietary limited company. Upon information and belief it is the developer, publisher and seller of the video game.

7. Defendant Reverb Communications, Inc. is a California corporation. Upon information and belief it is the distributor, publisher and marketer of the video game.

**FACTUAL ALLEGATIONS**

8. Zachary Miller is a well-known professional skateboarder and has been for over thirteen (13) years. During that time, he has been sponsored by some of the largest and highest profile companies in the skateboard industry, such as Quiksilver, DC Shoes, Nixon and Spitfire Wheels. For these companies he has appeared in promotional campaigns and magazine editorial photographs. He has also appeared in advertisement campaigns for companies like, Google, NBC and Activision, to name just a few. The video advertisement for Google can be viewed at the following link https://www.youtube.com/watch?v=BL1p2_J-H68&list=ULMzTqABK4SzU&index=1000. And below are several representative images of Plaintiff appearing in advertisements.


Safari File Edit View History Bookmarks Window Help
youtube.com
YouTube
Search
23 ft
Z is a professional skater, we advise you don't try this.
1:05 / 1:07


NIXON
Define Yourself
ZACH MILLER


ZACH MILLER
ORIGINALS COLLECTION



9. As a result of Plaintiff's world class skating and promotional efforts, his image is incredibly valuable to him and to the companies that sponsor him. Over the years Mr. Miller has been paid hundreds of thousands of dollars by companies for the use of his image.

10. On or about April 12, 2019 Plaintiff was requested to provide limited assistance to an agent of Defendants in connection with the development of a video game. Plaintiff understood that his only role was to wear several different clothing outfits and have those outfits motion captured for use in a video game where characters skateboard. Plaintiff was compensated a mere two hundred fifty ($250) dollars and Defendants' agent said that they would not use his image in the game.

If Plaintiff had consented to Defendants using his image in a video game he would have required that he be compensated more in line with his other sponsorship/endorsement deals. Plaintiff never consented to Defendants using his likeness in said game. During the motion capturing session and in a subsequent communication, Defendants' agent assured him that the "generic" character, for which Plaintiff posed for motion capturing purposes, would not resemble him and Plaintiff would not be identifiable in the video game, stating in a text message to Plaintiff that the video game "… won't have your name anywhere **or anything** (emphasis added) if you're worried about that." Below is a photo of Plaintiff and the "generic" character in the Game. The digital representation of Plaintiff, is an almost an exact copy of Plaintiff.





11. Defendant released the video game "Skater XL" (Hereinafter the "Game") on or about July 28, 2020, with Plaintiff's digital image figuring prominently in the marketing and promotion of the Game and as a main character

in the Game itself. Below is promotional image used to market the Game.




12. Shortly after the release of the Game, Plaintiff began receiving direct messages and was tagged, on social media platforms, by third parties unknown to Plaintiff, expressing excitement regarding Plaintiff being included as a character in the Game. Below are just two of the many messages and tags Plaintiff received.







13. Defendants' promotion of the Game using Plaintiff's image without his authorization allows Defendants to illegally profit from their misuse of Plaintiff's likeness and false association with the Game.

14. The unlawful actions by Defendants amount to a willful and conscious disregard for Plaintiff's rights, are knowingly false, and are intentionally designed to capitalize on the goodwill, recognition and fame associated with Plaintiff.

15. All of Defendants' aforementioned activities amounted to the blatant and willful violation of Plaintiff's Publicity Rights, unfair competition and

violation of other state and common laws.

16. On September 9, 2020, Plaintiff's counsel sent a cease and desist letter to Defendants' counsel objecting to Defendants' use of Plaintiff's likeness.

17. On September 11, 2020, Defendants' counsel replied by email, stating that the correspondence was being forwarded to Defendants' Australian counsel.

18. On September 14, 2020, Plaintiff's counsel, replied to Defendants' counsel's email requesting clarification of Defendants' position. To date, Plaintiff has not received a response to said email.

19. Defendants' actions are causing and will continue to cause damage and irreparable harm to Plaintiff and to his valuable reputation and goodwill with the consuming public.

**FIRST CAUSE OF ACTION**
**(False Endorsement (15 U.S.C. § 1125(a)))**

20. Plaintiff repeats and realleges each allegation set forth in the above paragraphs as if set forth fully herein.

21. Defendants used distinctive attributes of Plaintiff's persona, including his image and likeness without permission by using Plaintiff's digital image in the Game.

22. Defendants' unauthorized uses constitute false or misleading representations of fact to falsely imply the endorsement of Defendants' businesses and product by Plaintiff.

23. Defendants' unauthorized uses of Plaintiff's persona is likely to

confuse and deceive consumers as to Plaintiff's sponsorship and/or endorsement of Defendants' Game. Specifically, Defendants' use of Plaintiff's image and likeness is likely to cause consumers to mistakenly believe that Plaintiff is associated with Defendants' Game, or that he sponsors or endorses Defendants' Game.

24. As a direct and proximate result of the acts of false endorsement set forth above, Plaintiff has suffered actual damages in an amount to be proven at trial.

25. Plaintiff is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from their false or misleading acts.

26. Defendant's conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Plaintiff to an award of attorneys' fees and costs.

27. Defendants committed the unauthorized acts described above knowing that they are likely to cause consumers to falsely believe that Plaintiff endorses Defendants' Game. Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Plaintiff is entitled to an award of treble damages.

**SECOND CAUSE OF ACTION**
**(False Advertising (15 U.S.C. § 1125(a)))**

28. Plaintiff repeats and realleges each allegation set forth in the above

paragraphs as if set forth fully herein.

29. Defendants, through its conduct described above, have made false and misleading statements of fact in commercial advertising efforts in connection with the promotion of the Game.

30. These statements have and will continue to deceive a substantial number of consumers.

31. This deception is material because it is likely to influence consumers to purchase the Game.

32. These statements have been and will continue to be made in interstate commerce, including, but not limited to, on Defendants' website and other promotional materials.

33. These statements have injured and will continue to injure Plaintiff.

34. Plaintiff is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from their false or misleading acts.

35. Defendants' conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Plaintiff to an award of attorneys' fees and costs.

36. Defendants committed the unauthorized acts described above knowing that they are likely to cause consumers to falsely believe that Plaintiff is associated

Defendants' Game. Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Plaintiff is entitled to an award of treble damages.

**THIRD CAUSE OF ACTION**
**(Violation of Cal. Civ. Code § 3344)**

37. Plaintiff repeats and realleges each allegation set forth in the above paragraphs as if set forth fully herein.

38. Defendants have willfully and without authorization used Plaintiff's image and likeness for commercial purposes in the Game.

39. Defendants' unauthorized use of Plaintiff's image and likeness constitute a commercial misappropriation in violation of Section 3344 of the California Civil Code.

40. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.

41. Defendants have further been unjustly enriched by their misappropriation of Plaintiff's statutory right of publicity. Accordingly, Plaintiff is entitled to restitution of all income, profits, and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

42. Defendants' actions as alleged herein were malicious, oppressive, and fraudulent, and done with the intent to injure Plaintiff and with a willful and conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to recover

from Defendants punitive and exemplary damages in an amount sufficient to punish and deter them and others from engaging in such acts in the future.

**FOURTH CAUSE OF ACTION**
**(Violation of Common Law Right of Publicity)**

43. Plaintiff repeats and realleges each allegation set forth in the above paragraphs as if set forth fully herein.

44. Plaintiff is the owner of the common law rights of publicity in Plaintiff's name, image, likeness and persona necessary for endorsement deals.

45. Defendants have willfully and without authorization used Plaintiff's image and likeness for commercial purposes, to advertise and promote the sale of the Game.

46. Defendants' unauthorized use of Plaintiff's image and likeness constitutes a violation of California's common law right of publicity.

47. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.

48. Defendants have further been unjustly enriched by their infringement of Plaintiff's common law right of publicity. Accordingly, Plaintiff is entitled to restitution of all income, profits, and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

49. Defendants' actions as alleged above were malicious, oppressive, and fraudulent, and done with the intent to injure Plaintiff and with a willful and

conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter Defendants and others from engaging in such acts in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks relief as follows:

1. On all Claims for Relief, for an award of actual and compensatory damages in the hundreds of thousands of dollars according to proof;

2. On all Claims for Relief, for the disgorgement of Defendant's profits attributable to the infringement of Plaintiff's intellectual property rights and rights of publicity;

3. On the First and Second Claims for Relief, for treble damages;

4. On the Third and Fourth Claims for Relief, for an award of punitive damages in an amount sufficient to deter unlawful conduct by Defendants in the future;

5. For preliminary and permanent injunctions restraining and enjoining Defendants, and all persons acting in concert with them, from using Plaintiff's image and likeness;

6. For pre-judgment and post-judgment interest according to proof and to the maximum extent allowed by law;

7. That Defendants be required to pay to Plaintiff all of his litigation expenses, including but not limited to reasonable attorney's fees and the costs of

this action.

8. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Dated: November 9, 2020

LAW OFFICES OF MATTHEW MILLER

By: __*/s/ Matthew Miller*____________
Matthew Miller
Attorney for Plaintiff Zachary Miller