# STATUTORY DECLARATION

I, Shawn Sallesi of Suite 1233, 139 Flora Street Sutherland in the State of New South Wales, Australia, a Licensed

Commercial Agent do solemnly and sincerely declare that:

1.      I did on 4 December 2020 at 01:14 pm duly serve EASY DAY STUDIOS PTY. LTD, the Defendant, with a copy
        of the following document:

        A.   Summons in a Civil Action
        B.   Complaint for Damages
        C.   Civil Cover Sheet

        by delivering them to Unit 11, 106 Wardell Road, MARRICKVILLE, in the State of New South Wales, Australia.

2.      True copies of the documents are annexed hereto and marked "A", "B" and "C" respectively.

3.      At the time of service I found no persons at the premises. I placed the documents in a sealed envelope,
        addressed to EASY DAY STUDIOS PTY LTD and affixed to the front door of Unit 11, 106 Wardell Road,
        MACKSVILLE NSW, Australia, being the registered office of EASY DAY STUDIOS PTY LTD.

4.      I have attained the age of sixteen years.

I make this solemn declaration conscientiously believing the same to be true, and by virtue of the provisions of the
Oaths act 1900.

Declared at       *KOGARAH NSW*

on the            *10TH DECEMBER 2020*

Before me:        *Amilia El-Mourani*

                                                                                _____
                                                                                                    Declarant

A Justice of the Peace  *– 188298*

I, .....*Amilia El-Mourani*...., a JP for NSW ....*188298*........................., certify:

*[full name of JP]*                                      *[JP registration number]*

1.      I saw the face of the deponent.

2.      I have known the deponent for at least 12 months.

        ~~I have confirmed the deponent's identity using the following identification document~~

        _____

        *[Identification document relied on (may be original or certified copy]*

Signature of JP                               Date  *10|12|2020*

**Annexure "A"**

Attached is the Annexure referred to as "A" in the Affidavit of Shawn Sallesi sworn this _10^{TH}_ day of December 2020 before me:

_____

Witness
Name: Amilia El-Mourani
Qualification Justice of the Peace- 188298

AO 441    Summons in a Civil Action

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

Zachary Miller, an individual

*Plaintiff*

**v.**

Easy Day Studios Pty. Ltd., an Australian proprietary
limited company; Reverb Communications, Inc., a
California corporation; and DOES 1-25, inclusive

*Defendant*

Civil Action No.  20cv2187-LAB-DEB

## SUMMONS IN A CIVIL ACTION

To:  *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days
if you are the United States or a United States agency, or an office or employee of the United States described
in Fed. R. Civ. P. 12(a)(2) or (3) - You must serve on the plaintiff an answer to the attached complaint or a
motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the
plaintiff or plaintiff's attorney, whose name and address are:

Matthew Miller
755 Fresca CT.
Solana Beach, CA 92075
858-755-6688

If you fail to respond, judgment by default will be entered against you for the relief demanded in the
complaint.  You also must file your answer or motion with the court.

Date: _____11/9/20_____



John Morrill
*CLERK OF COURT*

S                    S. Dunbar

*Signature of Clerk or Deputy Clerk*

AO 441    Summons in a Civil Action                                                                                    (Page 2)

---

Civil Action No.  20cv2187-LAB-DEB                              Date Issued:         11/9/20

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

    ☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of the individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____; or

☐ I returned the summons unexecuted because _____; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                       *Server's Signature*

                                       _____
                                                  *Printed name and title*

                                       _____
                                                 *Server's address*

---

### NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE JUDGE

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(C) YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON CONSENT OF ALL PARTIES, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT.  ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.

Annexure "B"

Attached is the Annexure referred to as "B" in the Affidavit of Shawn Sallesi sworn this _10TH_ day of December 2020 before me:

_____
Witness
Name: Amilia El-Mourani
Qualification Justice of the Peace - 188298

Matthew Miller, Esq. (SBN 185741)
matt@millermlaw.com
LAW OFICES OF MATTHEW MILLER
755 Fresca Court
Solana Beach, California 92075
Telephone:  (858) 755-6688
Facsimile: (425) 962-7935

Attorney for Plaintiff Zachary Miller

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY MILLER, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>EASY DAY STUDIOS PTY LTD, an Australian proprietary limited company; REVERB COMMUNICATIONS, INC., a California corporation; and DOES 1-25 INCLUSIVE,<br><br>  Defendants. | Case No.: **'20 CV 2187 LAB DEB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. FALSE ENDORSEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1125(A));<br>2. FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. § 1125(A));<br>3. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344;<br>4. VIOLATION OF COMMON LAW RIGHT OF PUBLICITY;<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Zachary Miller, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts and alleges upon information and belief as to all other matters, brings this Complaint.

- 1 -
COMPLAINT

## INTRODUCTION

1.     This is an action for violations of publicity rights under laws of the state of California, specifically Civil Code § 3344, common law, unfair competition, false endorsement and false advertising arising under the laws of the United States, specifically 15 U.S.C. § 1125(a), arising out of Defendant's unauthorized use and commercial exploitation of the likeness and other identifying attributes of Plaintiff in a video game, and all of which Defendants' use thereof is deceiving the public into believing Plaintiff is connected to and/or affiliated with Defendants and/or the video game is endorsed by Plaintiff, which it is not.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1331. This Court also has diversity jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332. The Court has pendant jurisdiction over the corresponding state and common law claims.

3.     This Court has personal jurisdiction over the parties to this action because (i) Plaintiff's claims arise, in part, in this judicial district, and (ii) each party does business in this judicial district.

4.     Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this district. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise, in part, in this judicial district, and each party does business in this judicial district.

## PARTIES

5.    Plaintiff Zachary Miller is an individual and resident of San Diego County, California.

6.    Defendant Easy Day Studios Pty. Ltd. is an Australian proprietary limited company. Upon information and belief it is the developer, publisher and seller of the video game.

7.    Defendant Reverb Communications, Inc. is a California corporation. Upon information and belief it is the distributor, publisher and marketer of the video game.

## FACTUAL ALLEGATIONS

8.    Zachary Miller is a well-known professional skateboarder and has been for over thirteen (13) years. During that time, he has been sponsored by some of the largest and highest profile companies in the skateboard industry, such as Quiksilver, DC Shoes, Nixon and Spitfire Wheels. For these companies he has appeared in promotional campaigns and magazine editorial photographs. He has also appeared in advertisement campaigns for companies like, Google, NBC and Activision, to name just a few. The video advertisement for Google can be viewed at the following link https://www.youtube.com/watch?v=BL1p2_J-H68&list=ULMzTqABK4SzU&index=1000. And below are several representative images of Plaintiff appearing in advertisements.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





9.     As a result of Plaintiff's world class skating and promotional efforts, his image is incredibly valuable to him and to the companies that sponsor him. Over the years Mr. Miller has been paid hundreds of thousands of dollars by companies for the use of his image.

10.     On or about April 12, 2019 Plaintiff was requested to provide limited assistance to an agent of Defendants in connection with the development of a video game. Plaintiff understood that his only role was to wear several different clothing outfits and have those outfits motion captured for use in a video game where characters skateboard. Plaintiff was compensated a mere two hundred fifty ($250) dollars and Defendants' agent said that they would not use his image in the game.

If Plaintiff had consented to Defendants using his image in a video game he would have required that he be compensated more in line with his other sponsorship/endorsement deals. Plaintiff never consented to Defendants using his likeness in said game. During the motion capturing session and in a subsequent communication, Defendants' agent assured him that the "generic" character, for which Plaintiff posed for motion capturing purposes, would not resemble him and Plaintiff would not be identifiable in the video game, stating in a text message to Plaintiff that the video game "... won't have your name anywhere **or anything** (emphasis added) if you're worried about that." Below is a photo of Plaintiff and the "generic" character in the Game. The digital representation of Plaintiff, is an almost an exact copy of Plaintiff.

 

11.     Defendant released the video game "Skater XL" (Hereinafter the "Game") on or about July 28, 2020, with Plaintiff's digital image figuring prominently in the marketing and promotion of the Game and as a main character

1   in the Game itself. Below is promotional image used to market the Game.



12.   Shortly after the release of the Game, Plaintiff began receiving direct messages and was tagged, on social media platforms, by third parties unknown to Plaintiff, expressing excitement regarding Plaintiff being included as a character in the Game. Below are just two of the many messages and tags Plaintiff received.



13.     Defendants' promotion of the Game using Plaintiff's image without his authorization allows Defendants to illegally profit from their misuse of Plaintiff's likeness and false association with the Game.

14.     The unlawful actions by Defendants amount to a willful and conscious disregard for Plaintiff's rights, are knowingly false, and are intentionally designed to capitalize on the goodwill, recognition and fame associated with Plaintiff.

15.     All of Defendants' aforementioned activities amounted to the blatant and willful violation of Plaintiff's Publicity Rights, unfair competition and

violation of other state and common laws.

16.     On September 9, 2020, Plaintiff's counsel sent a cease and desist letter to Defendants' counsel objecting to Defendants' use of Plaintiff's likeness.

17.     On September 11, 2020, Defendants' counsel replied by email, stating that the correspondence was being forwarded to Defendants' Australian counsel.

18.     On September 14, 2020, Plaintiff's counsel, replied to Defendants' counsel's email requesting clarification of Defendants' position. To date, Plaintiff has not received a response to said email.

19.     Defendants' actions are causing and will continue to cause damage and irreparable harm to Plaintiff and to his valuable reputation and goodwill with the consuming public.

## FIRST CAUSE OF ACTION
### (False Endorsement (15 U.S.C. § 1125(a)))

20.     Plaintiff repeats and realleges each allegation set forth in the above paragraphs as if set forth fully herein.

21.     Defendants used distinctive attributes of Plaintiff's persona, including his image and likeness without permission by using Plaintiff's digital image in the Game.

22.     Defendants' unauthorized uses constitute false or misleading representations of fact to falsely imply the endorsement of Defendants' businesses and product by Plaintiff.

23.     Defendants' unauthorized uses of Plaintiff's persona is likely to

confuse and deceive consumers as to Plaintiff's sponsorship and/or endorsement of Defendants' Game. Specifically, Defendants' use of Plaintiff's image and likeness is likely to cause consumers to mistakenly believe that Plaintiff is associated with Defendants' Game, or that he sponsors or endorses Defendants' Game.

24.     As a direct and proximate result of the acts of false endorsement set forth above, Plaintiff has suffered actual damages in an amount to be proven at trial.

25.     Plaintiff is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from their false or misleading acts.

26.     Defendant's conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Plaintiff to an award of attorneys' fees and costs.

27.     Defendants committed the unauthorized acts described above knowing that they are likely to cause consumers to falsely believe that Plaintiff endorses Defendants' Game. Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Plaintiff is entitled to an award of treble damages.

**SECOND CAUSE OF ACTION**
**(False Advertising (15 U.S.C. § 1125(a)))**

28.     Plaintiff repeats and realleges each allegation set forth in the above

1  paragraphs as if set forth fully herein.

2
3      29.    Defendants, through its conduct described above, have made false and
4  misleading statements of fact in commercial advertising efforts in connection with
5  the promotion of the Game.

6
7      30.    These statements have and will continue to deceive a substantial
8  number of consumers.

9      31.    This deception is material because it is likely to influence consumers
10
11 to purchase the Game.

12     32.    These statements have been and will continue to be made in interstate
13 commerce, including, but not limited to, on Defendants' website and other
14
15 promotional materials.

16     33.    These statements have injured and will continue to injure Plaintiff.

17     34.    Plaintiff is entitled to the full range of relief available under the
18
19 Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual
20 damages and the disgorgement of Defendants' profits arising from their false or
21 misleading acts.

22
23     35.    Defendants' conduct further renders this an "exceptional" case within
24 the meaning of the Lanham Act, thus entitling Plaintiff to an award of attorneys'
25 fees and costs.

26
27     36.    Defendants committed the unauthorized acts described above knowing
28 that they are likely to cause consumers to falsely believe that Plaintiff is associated

- 12 -
COMPLAINT

1  Defendants' Game. Defendants have thus willfully, knowingly, and maliciously

2
   deceived and confused the relevant consuming public, such that Plaintiff is entitled
3
4  to an award of treble damages.

5  ### THIRD CAUSE OF ACTION
   ### (Violation of Cal. Civ. Code § 3344)
6

7      37.    Plaintiff repeats and realleges each allegation set forth in the above
8
   paragraphs as if set forth fully herein.
9

10     38.    Defendants have willfully and without authorization used Plaintiff's
11 image and likeness for commercial purposes in the Game.

12
       39.    Defendants' unauthorized use of Plaintiff's image and likeness
13
14 constitute a commercial misappropriation in violation of Section 3344 of the

15 California Civil Code.

16
       40.    As a direct and proximate result of Defendants' wrongful conduct,
17
18 Plaintiff has suffered, and will continue to suffer, damages in an amount to be

19 proven at trial.

20
       41.    Defendants have further been unjustly enriched by their
21
22 misappropriation of Plaintiff's statutory right of publicity. Accordingly, Plaintiff is

23 entitled to restitution of all income, profits, and other benefits resulting from

24
   Defendants' conduct, in an amount to be determined according to proof at trial.
25

26     42.    Defendants' actions as alleged herein were malicious, oppressive, and
27
   fraudulent, and done with the intent to injure Plaintiff and with a willful and
28
   conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to recover

- 13 -
COMPLAINT

from Defendants punitive and exemplary damages in an amount sufficient to punish and deter them and others from engaging in such acts in the future.

## FOURTH CAUSE OF ACTION
### (Violation of Common Law Right of Publicity)

43.    Plaintiff repeats and realleges each allegation set forth in the above paragraphs as if set forth fully herein.

44.    Plaintiff is the owner of the common law rights of publicity in Plaintiff's name, image, likeness and persona necessary for endorsement deals.

45.    Defendants have willfully and without authorization used Plaintiff's image and likeness for commercial purposes, to advertise and promote the sale of the Game.

46.    Defendants' unauthorized use of Plaintiff's image and likeness constitutes a violation of California's common law right of publicity.

47.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.

48.    Defendants have further been unjustly enriched by their infringement of Plaintiff's common law right of publicity. Accordingly, Plaintiff is entitled to restitution of all income, profits, and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

49.    Defendants' actions as alleged above were malicious, oppressive, and fraudulent, and done with the intent to injure Plaintiff and with a willful and

conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter Defendants and others from engaging in such acts in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief as follows:

1.     On all Claims for Relief, for an award of actual and compensatory damages in the hundreds of thousands of dollars according to proof;

2.     On all Claims for Relief, for the disgorgement of Defendant's profits attributable to the infringement of Plaintiff's intellectual property rights and rights of publicity;

3.     On the First and Second Claims for Relief, for treble damages;

4.     On the Third and Fourth Claims for Relief, for an award of punitive damages in an amount sufficient to deter unlawful conduct by Defendants in the future;

5.     For preliminary and permanent injunctions restraining and enjoining Defendants, and all persons acting in concert with them, from using Plaintiff's image and likeness;

6.     For pre-judgment and post-judgment interest according to proof and to the maximum extent allowed by law;

7.     That Defendants be required to pay to Plaintiff all of his litigation expenses, including but not limited to reasonable attorney's fees and the costs of

this action.

       8.    That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Dated: November 9, 2020              LAW OFFICES OF MATTHEW MILLER

                             By:   */s/ Matthew Miller*
                             Matthew Miller
                             Attorney for Plaintiff Zachary Miller

COMPLAINT

**Annexure "C"**

Attached is the Annexure referred to as "C" in the Affidavit of Shawn Sallesi sworn this _10ᵀᴴ_ day of December 2020 before me:

_____

Witness
Name:   Amilia El-Mourani
Qualification   Justice of the Peace -188298

Case 3:20-cv-02187-LAB-DEB   Document 1-1   Filed 11/09/20   PageID.17   Page 1 of 1

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Zachary Miller, an individual

**(b)** County of Residence of First Listed Plaintiff     San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew Miller, Law Offices of Matthew Miller
755 Fresca Court
Solana Beach, CA 92075 (858) 755-6688

## DEFENDANTS
Easy Day Studios Pty Ltd, an Australian proprietary limited company, Reverb Communications, Inc., a California corporation, and Does 1-25 Inclusive

County of Residence of First Listed Defendant     N/A - Australia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

'20 CV 2187 LAB DEB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL INJURY** | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | **SOCIAL SECURITY** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 861 HIA (1395ff) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 862 Black Lung (923) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 864 SSID Title XVI | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 865 RSI (405(g)) | |
| | | ☐ 550 Civil Rights | **FEDERAL TAX SUITS** | |
| | | ☐ 555 Prison Condition | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | **IMMIGRATION** | | |
| | | ☐ 462 Naturalization Application | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1125(A)
Brief description of cause:
false endorsement, violation of publicity rights and false advertising

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
11/09/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Matthew Miller

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____