| | |
|---|---|
| 1 | Robert S. Freund (SBN 287566) |
| 2 | ROBERT FREUND LAW |
| 3 | 10866 Wilshire Boulevard, Suite 400 |
|   | Los Angeles, CA 90024 |
| 4 | Telephone: (323) 553-3407 |
| 5 | Email: robert@robertfreundlaw.com |
| 6 | Attorneys for Defendant, |
| 7 | Easy Day Studios Pty Ltd |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZACHARY MILLER, an individual, | CASE NO. 3:20-cv-02187-LAB-DEB |
| Plaintiff, | **NOTICE OF INTENT TO DEFEND** |
| v. | |
| EASY DAY STUDIOS PTY LTD, an Australian proprietary limited company; REVERB COMMUNICATIONS, INC., a California corporation; and DOES 1-25 INCLUSIVE, | |
| Defendants. | |

TO THE CLERK OF THIS COURT, THE COURT, AND ALL PARTIES OF RECORD:

Please take notice that Defendant Easy Day Studios Pty Ltd. ("Easy Day") intends to appear and defend against the claims asserted by Plaintiff in his Complaint. Easy Day files this Notice in abundance of caution in light of its pending *ex parte* application for extension of time to respond to Plaintiff's Complaint.

As set forth in the application (Dkt. No. 5), Easy Day's litigation counsel was only recently retained on December 19, 2020, and, in violation of the Southern District's Local Rules, Plaintiff's counsel refused Easy Day's request for an extension, even after Easy Day offered a compromise of 21 days (instead of the initially requested 30 days). *See* L.R. 2.1(a)(3)(d) ("We expect lawyers not to arbitrarily or unreasonably withhold consent to a reasonable request for cooperation or accommodation.").

Easy Day's counsel has been working diligently to assess Plaintiff's claims and prepare a response but has not had sufficient time to do so, having been retained just five business days before Easy Day's response deadline.

Should Plaintiff attempt to enter default against Easy Day, the clerk should decline to enter such default in light of Easy Day's pending application for an extension. *See Winding v. Landsafe Default, Inc.*, No. 2:15-CV-01974-KJM-AC, 2015 WL 5676992, at *3 (E.D. Cal. Sept. 24, 2015) (denying default and noting that defendant's "motion for extension of time is sufficient indication of their intent to defend this action, precluding a default judgment") (citing Fed. R. Civ. P 55(a) (requiring clerk of court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* ....") (emphasis added).

The clerk should also decline any attempt by Plaintiff to enter default to avoid wasting the parties' and the Court's time and resources by forcing Easy Day to move to set aside such default:

> [I]t is at times like these that common sense and professional judgment must come into play. Does it make sense to expend time and the client's resources to force Defendant to file an *ex parte* application or noticed motion for extension of time to file a response to the Complaint? What advantage do I gain for my client? A response to the Complaint that is a few days earlier than the extension of time sought? An entry of default, which would then lead to a motion to set aside entry of default, where the standard to set aside default can be so easily satisfied? None of these possibilities makes it worthwhile to deny an extension of time to an opponent to file a response to a Complaint or to request entry of default against an opponent who clearly wants to make an appearance. The Court is disappointed that, at this early stage in the proceedings, counsel could not informally resolve these most simple of procedural matters as a matter of professional courtesy, as most counsel do.

*Fromm v. Wells Fargo Bank, N.A.*, No. CV 18-8801-DMG (KSX), 2018 WL 6977428, at *1 (C.D. Cal. Oct. 25, 2018).

DATED: December 28, 2020         Respectfully submitted,

ROBERT FREUND LAW

By   */s/ Robert S. Freund*
     Robert S. Freund
     Attorneys for Defendant
     EASY DAY STUDIOS PTY LTD