Robert S. Freund (SBN 287566)
ROBERT FREUND LAW
10866 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (323) 553-3407
Email: robert@robertfreundlaw.com

Attorneys for Defendant,
Easy Day Studios Pty Ltd

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY MILLER, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>EASY DAY STUDIOS PTY LTD, an Australian proprietary limited company; REVERB COMMUNICATIONS, INC., a California corporation; and DOES 1-25 INCLUSIVE,<br><br>            Defendants. | CASE NO.  3:20-cv-02187-LAB-DEB<br><br>**DEFENDANT EASY DAY STUDIOS PTY LTD'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:      May 15, 2021<br>Time:     11:15 a.m.<br>Crtrm:    14A<br>Judge:    Hon. Larry A. Burns |

MEMORANDUM IN SUPPORT OF DEFENDANT EASY DAY'S MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...............................................................................................1

II. LEGAL STANDARD .........................................................................................1

III. ARGUMENT ......................................................................................................3

    A. None of Plaintiff's Claims Satisfies Rule 8(a), Because They Each Lump Defendants Together .....................................................................................3

    B. Plaintiff's Lanham Act Claims Do Not Satisfy Rule 9(b), Plaintiff Cannot Truthfully Allege Customer Confusion or Reputational Harm, and Plaintiff Lacks Statutory Standing to Pursue the False Advertising Claim. ........................3

        1. The Lanham Act claims cannot satisfy Rule 9(b). ...........................3

        2. Plaintiff cannot truthfully allege customer confusion under the *Rogers* test...4

        3. Plaintiff lacks statutory standing for the Lanham Act false advertising claim 6

    C. Plaintiff Is Not Entitled to Punitive Damages.........................................................6

    D. Dismissal Is an Appropriate Sanction for Plaintiff's Counsel's Violations of the Rules of Professional Conduct ........................................................................7

V. CONCLUSION ...................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*,
   125 F. Supp. 3d 945 (N.D. Cal. 2015) ................................................................. 3

*AE ex rel. Hernandez v. Portillo*,
   2011 WL 2173695 (E.D. Cal. June 2, 2011) ....................................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................. 1

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................. 1

*Bobbleheads.com, LLC v. Wright Bros., Inc.*,
   259 F. Supp. 3d 1087 (S.D. Cal. 2017) ............................................................... 3

*Brown v. Elec. Arts, Inc.*, ,
   724 F.3d 1235 (9th Cir. 2013) ........................................................................ 5, 6

*Cairns v. Franklin Mint. Co.*,
   107 F. Supp. 2d 1212 (C.D. Cal. 2000) .............................................................. 4

*Delgado v. United Facilities, Inc.*,
   2012 WL 10717266, at *3 (E.D. Cal. Feb. 21, 2012) .......................................... 2

*Destfino v. Reiswig*,
   630 F.3d 952 (9th Cir. 2011) .............................................................................. 4

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) .............................................................................. 2

*E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*,
   547 F.3d 1095, 1100 (9th Cir. 2008) .................................................................. 5

*Glenbrook Capital Ltd. P'ship v. Kuo*,
   525 F. Supp. 2d 1130 (N.D. Cal. 2007) .............................................................. 3

*Hawker v. Bancinsurance, Inc.*,
   2013 WL 1281573 (E.D. Cal. Mar. 26, 2013) .................................................... 7

*Jack Russel Terrier Network of N. Ca. v. Am. Kennel Club, Inc.*,
   407 F.3d 1027 (9th Cir. 2005) ............................................................................ 6

*Kournikova v. Gen. Media Commc'ns Inc.*,
   278 F. Supp. 2d 1111 (C.D. Cal. 2003) .............................................................. 6

MEMORANDUM IN SUPPORT OF DEFENDANT EASY DAY'S MOTION TO DISMISS COMPLAINT

*Lee v. City of L.A.*,
    250 F.3d 668 (9th Cir. 2001) ............................................................................. 2

*McElroy v. Juarez*,
    2020 WL 5408933 (S.D. Cal. Sept. 9, 2020) ..................................................... 3

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998) .......................................................................... 2, 3

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ............................................................................. 1

*Philippe Charriol Int'l Ltd. v. A'lor Int'l Ltd*,
    2013 WL 12080221 (S.D. Cal. Nov. 5, 2013) .................................................... 4

*Prime Media Grp. LLC v. Acer Am. Corp.*,
    2013 WL 621529 (N.D. Cal. Feb. 19, 2013) ...................................................... 4

*Rogers v. Grimaldi*,
    875 F.2d 994 (2d Cir. 1989) .............................................................................. 5

*Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*,
    957 F. Supp. 2d 1189 (S. D. Cal. 2013) ............................................................. 2

*Sollberger v. Wachovia Secs., LLC*,
    2010 WL 2674456 (C.D. Cal. June 30, 2010) .................................................... 4

*Sparrow Inc. v. Lora*,
    2014 WL 12561587 (C.D. Cal. Aug. 5, 2014) .................................................... 2

*Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*,
    2014 WL 3705350 (N.D. Cal. July 24, 2014) .................................................... 7

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .......................................................................... 2, 3

*Vess. v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ........................................................................... 4

**Statutes**

Cal. Civ. Code § 3294(a) ........................................................................................ 10

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................................... 1, 3

Fed. R. Civ. P. 9 ............................................................................................. Passim

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 2

S.D. Cal. Local. Rule 2.1(a) ..................................................................................... 8

iii

MEMORANDUM IN SUPPORT OF DEFENDANT EASY DAY'S MOTION TO
DISMISS COMPLAINT

S.D. Cal. Local. Rule 83.1(a) ..................................................................................8

Cal. Rules of Prof'l Conduct 3.10(a) ......................................................................7

MEMORANDUM IN SUPPORT OF DEFENDANT EASY DAY'S MOTION TO DISMISS COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The summary of this case and the facts section are set forth in Easy Day's concurrently filed motion to strike and incorporated herein by reference.[1]

The Court should dismiss each of the Complaint's four claims because Plaintiff has not and cannot allege sufficient facts to state a claim under either Rule 8(a) or Rule 9(b). Both of Plaintiff's Lanham Act claims fail for the additional reasons that Plaintiff cannot show that Easy Day explicitly misled consumers under the *Rogers* test (as proven by the Complaint's demonstrably false allegations regarding customer confusion), and his Lanham Act false advertising claim independently fails because Plaintiff lacks statutory standing to pursue it.

Plaintiff's request for punitive damages also fails as a matter of law and should be dismissed. Finally, the Court should dismiss the Complaint as a sanction against Plaintiff's counsel for violations of California Rule of Professional Conduct 3.10(a).

For all these reasons, and as explained more fully below, this motion to dismiss should be granted and all of Plaintiff's claims against Easy Day dismissed.

## II. LEGAL STANDARD

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the court need not accept conclusory allegations of law or unwarranted inferences, and dismissal is required if the facts are insufficient to support a cognizable claim." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

---

[1] Easy Day incorporates those sections here to comply with Local Rule 7.1(h).

plausibility of entitlement to relief" and is insufficient to state a claim for relief. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

Additionally, Rule 9(b) imposes a heightened pleading standard to claims sounding in fraud. For those claims, Plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Here, Plaintiff must meet this higher pleading standard with respect to his claims for false endorsement and false advertising under the Lanham Act. *See Sparrow Inc. v. Lora*, 2014 WL 12561587, at *5 (C.D. Cal. Aug. 5, 2014) (applying Rule 9(b) where "crux" of Lanham Act claim was that defendant "marketed goods by falsely representing his affiliation with [plaintiff]."); *Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1200 (S. D. Cal. 2013) ("District courts in the Ninth Circuit have held that the heightened pleading standard of Federal Rule of [Civil] Procedure 9(b) applies to false advertising claims and requires the plaintiff to plead the 'the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations,' the identities of the parties to the misrepresentation, and what about the statement is claimed to be misleading.").

Although review of a motion to dismiss under Rule 12(b)(6) generally is confined to the complaint, there are two exceptions. First, the Court may consider documents attached to or incorporated by reference into a complaint where neither party disputes authenticity. *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Lee v. City of L.A.*, 250 F.3d 668, 688-90 (9th Cir. 2001) ("If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity … is not contested' and 'the plaintiff's complaint necessarily relies' on them") (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2016)). To be incorporated by reference, "[t]he document need only be 'integral to plaintiff's claims ….'" *Delgado v. United Facilities, Inc.*, 2012 WL 10717266, at *3 (E.D. Cal. Feb. 21, 2012) (quoting *Parrino*, 146 F.3d at 706, n. 4).

Second, a court may consider facts that are subject to judicial notice. *Ritchie*, 342 F.3d at 907-08; *Glenbrook Capital Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) ("A court may take judicial notice of documents that are 'integral to the plaintiff's claims' and whose 'authenticity is not disputed,' even if they are not explicitly incorporated into the complaint.") (quoting *Parrino*, 146 F.3d at 706.)

## III. ARGUMENT

### A. None of Plaintiff's Claims Satisfies Rule 8(a), Because They Each Lump Defendants Together.

Each of Plaintiff's four claims should be dismissed because the Complaint is an impermissible "shotgun pleading" that does not satisfy Rule 8(a)'s notice pleading requirements. *See Sollberger v. Wachovia Secs., LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (noting "shotgun pleading … in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together" does not satisfy Rule 8(a)).

The Complaint does not mention a single act done by either of the Defendants. Instead, it refers only to "Defendants" in every allegation. The allegations are therefore insufficient to put each defendant on notice of what they allegedly did or did not do. The Complaint should be dismissed in its entirety for this reason alone. *See McElroy v. Juarez*, 2020 WL 5408933, at *6 (S.D. Cal. Sept. 9, 2020) ("A Complaint like Plaintiff's, 'which lump[s] together … multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'") (quoting *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015)).

### B. Plaintiff's Lanham Act Claims Do Not Satisfy Rule 9(b), Plaintiff Cannot Truthfully Allege Customer Confusion or Reputational Harm, and Plaintiff Lacks Statutory Standing to Pursue the False Advertising Claim.

#### 1. <u>The Lanham Act claims cannot satisfy Rule 9(b).</u>

"Rule 9(b) applies to Lanham Act claims that are grounded in fraud." *Bobbleheads.com, LLC v. Wright Bros., Inc.*, 259 F. Supp. 3d 1087, 1095 (S.D. Cal.

3

2017) ("Rule 9(b) is not limited to claims for fraud itself; rather, it applies if a claim is 'grounded in' or 'sounds in' fraud."). Because the crux of Plaintiff's false endorsement claim is that Defendants falsely represented that Plaintiff endorsed *Skater XL*, Rule 9(b) applies. (*See* Complt. ¶¶ 22-24 [alleging "false or misleading representations of fact" "likely to confuse and deceive consumers"].) Likewise, the crux of the false advertising claim is that Defendants "have made false and misleading statements of fact." (*Id.* ¶ 29.) Accordingly, the Complaint must allege "the who, what, when, where, and how" of the fraud. *Vess. v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

By failing to differentiate between Defendants in any paragraph of the Complaint, Plaintiff fails to allege the "who." *See Prime Media Grp. LLC v. Acer Am. Corp.*, 2013 WL 621529, at *3 (N.D. Cal. Feb. 19, 2013) ("[W]ithin the realm of Rule 9(b), 'everyone did everything' allegations are not countenanced.") (citing *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011)).

Nor does Plaintiff allege the "how" connecting Defendants' allegedly unauthorized use of Plaintiff's "image and likeness" to any consumer deception or to any commercial injury to Plaintiff. *See Philippe Charriol Int'l Ltd. v. A'lor Int'l Ltd.*, 2013 WL 12080221, at *6 (S.D. Cal. Nov. 5, 2013) (dismissing claim where allegations failed "to state *what* misrepresentations in the … communications caused customers to be confused; *where* the alleged misrepresentation occurred, and *how* the alleged misrepresentation confused customers which caused harm to [plaintiff].") (emphasis in original).

2.     <u>Plaintiff cannot truthfully allege customer confusion under the *Rogers* test</u>.

Plaintiff fails to state a claim for false endorsement because the Complaint does not and cannot allege that Easy Day explicitly misled customers or that any customers were confused as to whether Plaintiff endorsed *Skater XL*.

The Lanham Act "prohibits only false endorsement, not mere use of an image or name." *Cairns v. Franklin Mint. Co.*, 107 F. Supp. 2d 1212, 1214 (C.D. Cal. 2000) (citing 5 J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition, § 28:14

4

(4th ed. 1996)). The Ninth Circuit has adopted the test first set forth by the Second Circuit in *Rogers v. Grimaldi* in "balancing the trademark and similar rights protected by § 43(a) of the Lanham Act against First Amendment rights in cases involving expressive works." *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1241 (9th Cir. 2013).

Under the *Rogers* test, courts hold "that the Lanham Act is inapplicable to 'artistic works' as long as the defendant's use of the mark or other identifying material is (1) 'artistically relevant' to the work and (2) not 'explicitly misleading' as to the source of content of the work." *Rogers*, 875 F.2d 875, 996-97 (2d Cir. 1989). "The slight risk that … use of a celebrity's name might implicitly suggest endorsement or sponsorship to some people is outweighed by the danger of restricting artistic expression." *Rogers*, 875 F.2d at 1000.

The first prong of the *Rogers* test is satisfied here because Easy Day's alleged use of Plaintiff's likeness "has some artistic relevance" to *Skater XL*: Plaintiff alleges that Easy Day used his likeness to create a "main character" in the game. (Complt. ¶ 11.) *See E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1100 (9th Cir. 2008) (ruling that "the level of [artistic] relevance merely must be above zero" and noting "low threshold").

The second *Rogers* prong "requires that the use be *explicitly* misleading to consumers." *Brown*, 724 F.3d at 1245-46 (emphasis in original). In *Brown*, the Ninth Circuit affirmed dismissal of the Plaintiff's Lanham Act endorsement claim, ruling that "Brown would need to demonstrate that EA *explicitly* misled *consumers* as to his *involvement*." *Id.* at 1248 (emphasis in original).

Here, Plaintiff has conceded that he cannot truthfully allege any consumer confusion whatsoever, let alone that any use of his likeness was explicitly misleading. The Complaint offers two screenshots purporting to show "**third parties unknown to Plaintiff**, expressing excitement regarding Plaintiff being included as a character in the game." (Complt. ¶ 12 [emphasis added].) **In reality, both of those "third parties" are close personal acquaintances of Plaintiff**. *See* Dkt. No. 12-5 (Freund Decl.) ¶¶ 2-4, Ex.

5

MEMORANDUM IN SUPPORT OF DEFENDANT EASY DAY'S MOTION TO DISMISS COMPLAINT

1-3.)² Plaintiff's false allegations prove that he cannot establish any consumer confusion and should be disregarded. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The Court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

Even if Plaintiff could allege and ultimately prove that consumers of *Skater XL* believed Plaintiff endorsed the game, that would not support the claim that the alleged use was explicitly misleading. *See Brown*, 724 F.3d at 1246 ("Even if Brown could offer a survey demonstrating the consumers of the *Madden NFL* series believed that Brown endorsed the game, that would not support the claim that the use was explicitly misleading to consumers.").

3. <u>Plaintiff lacks statutory standing for the Lanham Act false advertising claim.</u>

Only plaintiffs who can establish competitive commercial injury have standing to bring such claims. *See Jack Russel Terrier Network of N. Ca. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005) (holding plaintiff must show injury that is "'competitive,' or harmful to plaintiff's ability to compete with the defendant."). There can be no serious argument that Plaintiff—a skateboarder—competes in the same market as Easy Day or Reverb, a game development company and marketing agency, respectively. Because Plaintiff has not alleged and cannot present any evidence that he lost endorsement agreements or suffered other competitive injury, the claim fails. *See, e.g., Kournikova v. Gen. Media Commc'ns Inc.*, 278 F. Supp. 2d 1111, 1119 (C.D. Cal. 2003) (dismissing Lanham Act claim where athlete could not show competitive injury based on use of name in magazine).

**C.   Plaintiff Is Not Entitled to Punitive Damages.**

By statute, where a plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the

---

² Side-by-side comparisons of the Complaint's screenshots and the exhibits to the Hedgpeth Declaration are set forth in Section II.B. of Easy Day's Anti-SLAPP Motion, Dkt. No. 12.

actual damages, may recover [punitive] damages." Cal. Civ. Code § 3294(a). Nevertheless, a corporate entity cannot commit willful and malicious conduct; instead, "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." *Id.* § 3294(b); *Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014) ("[A] company simply cannot commit willful and malicious conduct—only an individual can."). Therefore, Plaintiff must plead that an officer, director, or managing agent of Easy Day committed or ratified an act of oppression, fraud, or malice. Plaintiff alleges no facts showing that an officer, director, or managing agent of Easy Day knew about or ratified the alleged wrongful conduct of which he complains.

Moreover, "Punitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases." *Hawker v. Bancinsurance, Inc.*, 2013 WL 1281573, at *13 (E.D. Cal. Mar. 26, 2013). Under California Civil Code Section 3294, punitive damages are only recoverable where a plaintiff alleges with factual support (and eventually proves by clear and convincing evidence) that the Defendant acted with "oppression, fraud, or malice." Because Plaintiff's punitive damages claim lacks any factual support, it fails. *See id.* (dismissing punitive damages claim "based on insufficient facts that Bancinsure acted with requisite malice, oppression or fraud to support punitive damages claims"); *AE ex rel. Hernandez v. Portillo*, 2011 WL 2173695, at *8 (E.D. Cal. June 2, 2011) (holding plaintiff "may not rely on platitudes and generalities that punitive damages are available").

**D.   Dismissal Is an Appropriate Sanction for Plaintiff's Counsel's Violations of the Rules of Professional Conduct.**

The Court should dismiss the Complaint as a sanction against Plaintiff's counsel for violation of the California Rules of Professional Conduct. Rule 3.10(a) prohibits

7

attorneys from "threaten[ing] to present criminal, administrative, or disciplinary charges in a civil dispute," and the rule defines "administrative charges" to mean "filing or lodging a complaint with any governmental organization … that may impose or recommend the imposition of a fine, pecuniary sanction, or other sanction …." *Id.* at (b) (emphasis added).

Here, Plaintiff's counsel threatened to "take appropriate actions" with the California Secretary of State for Easy Day's alleged failure to register if Easy Day would not "accept service immediately." (Dkt. No. _ [Hedgpeth Decl.] ¶ 7, Ex. 1.) Plaintiff's counsel plainly threatened to present administrative charges against Easy Day for the purpose of gaining an advantage in this civil dispute. "A district court may discipline an attorney for conduct that violates a California Rule of Professional Conduct by way of its local rules of professional conduct." *Cakebread v. Millwork & Furniture Co.*, 218 F. Supp. 3d 1040, 1044 (N.D. Cal. 2016). This District's Local Rules set forth a Code of Conduct "to be construed in the broadest sense," and failure of counsel to comply may be grounds for sanctions "including … dismissal of any actions …." L.R. 2.1(a), 83.1(a).

## IV. CONCLUSION

For all the foregoing reasons, this Motion to Dismiss should be granted.

DATED: January 15, 2021              ROBERT FREUND LAW

                                     By   */s/ Robert S. Freund*
                                          Robert S. Freund
                                          Attorneys for Defendant
                                          EASY DAY STUDIOS PTY LTD